JAMES T. HANNINK (131747)
jhannink@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART HANNINK & COVENEY LLP
4180 La Jolla Village Drive, Suite 530
La Jolla, California 92037-1474
Tel: 858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiff

STEVEN E. KNOTT (150881)
sknott@nossaman.com
ALEXANDER J. SUAREZ (289044)
asuarez@nossaman.com
NOSSAMAN LLP
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017

JOHN CROSSMAN (*pro hac vice*)
jcrossman@zukermangore.com
JESENIA RUIZ DE LA TORRE (*pro hac vice*)
jruiz@zukermangore.com
ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP
Eleven Times Square
New York, NY 10036

Attorneys for Defendant

FILED
CLERK, U.S. DISTRICT COURT
APR 15 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN KERR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FROM YOU FLOWERS, LLC, a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-00935-MWF-E<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c)(1)(G), Plaintiff John Kerr ("Plaintiff") and From You Flowers ("Defendant") (collectively, "the Parties"), hereby stipulate that, subject to the Court's approval, the following procedures shall be followed in this action.

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.    GOOD CAUSE STATEMENT

Federal Rule of Civil Procedure 26(c) permits the granting of a protective order upon a showing of good cause, and indicates, in subpart (c)(1)(G) of Rule 26, that the protection of a trade secret or other confidential research, development, or commercial information is a proper basis for the issuance of a protective order. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential

business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

(a) <u>Action</u>: this pending federal law suit.

(b) <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

(c) <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

(d) <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

(e) <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL."

(f) <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

(g) <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

(h) <u>House Counsel:</u> attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

(i) <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(j) <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

(k) <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

(l) <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

(m) <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(n) <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

(o) <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1  Mass, indiscriminate, or routinized designations are prohibited. Designations
2  that are shown to be clearly unjustified or that have been made for an improper
3  purpose (e.g., to unnecessarily encumber the case development process or to impose
4  unnecessary expenses and burdens on other parties) may expose the Designating
5  Party to sanctions.
6  If it comes to a Designating Party's attention that information or items that it
7  designated for protection do not qualify for protection, that Designating Party must
8  promptly notify all other Parties that it is withdrawing the inapplicable designation.
9  5.2  Manner and Timing of Designations. Except as otherwise provided in
10 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
11 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
12 under this Order must be clearly so designated before the material is disclosed or
13 produced.
14 Designation in conformity with this Order requires:
15 (a) For information in documentary form (apart from transcripts of
16 depositions or other pretrial or trial proceedings), that the Producing Party affix the
17 legend "CONFIDENTIAL" on each page that contains Protected Material. If only a
18 portion or portions of the material on a page qualifies for protection, the Producing
19 Party also must clearly identify the protected portion(s) (e.g., by making appropriate
20 markings in the margins).
21 (b) For testimony taken at a deposition, conference, or hearing, that a
22 statement be made on the record or other proceeding that the information is
23 "Confidential" under the terms of this Protective Order or by making such
24 designation within twenty (20) calendar days after delivery of the transcript to such
25 party.
26 (c) for information produced in some form other than documentary and for
27 any other tangible items, that the Producing Party affix in a prominent place on the
28 exterior of the container or containers in which the information is stored the legend

6

"CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the

7

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the

8

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) to companies that provide communications services for telephones used by Plaintiff, or any potential class member, or Defendant, provided that such access will be given solely for the purpose of seeking the preservation or production of non-content subscriber information, information will only be provided to the extent necessary to accomplish that purpose, and each Party will copy the other Party on all correspondence with the communications services providers.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Under Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, incorporated herein by reference, the inadvertent or unintentional disclosure by the Producing Party or non-party of information subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege or immunity, shall not be deemed a waiver in whole or in part of the Party's or nonparty's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a Party or non-party has inadvertently produced information subject to a claim of immunity or privilege, the Parties shall comply with their obligations under Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B).

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

11

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

Notwithstanding the provisions contained in this Protective Order, the parties may meet and confer and agree to the redaction of personal information of Defendants' customers or other individuals, such as information that must be redacted pursuant to Civil Local Rule 5.2-1, phone numbers, credit card numbers, and/or other personal or private information, prior to filing such "Confidential" information with the Court in order to avoid the need for sealing the documents or seeking permission from the Court to file such documents under seal.

13. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 14, 2016          DOSTART HANNINK & COVENEY LLP

                                        /s/ James T. Hannink
                               _____
                               JAMES T. HANNINK
                               Attorneys for Plaintiff

Dated: April 14, 2016          NOSSAMAN LLP

                                        /s/ Steven E. Knott
                               _____
                               STEVEN E. KNOTT
                               Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: 4/15/16                 _____
                               Charles F. Eick
                               United States Magistrate Judge

**Certification of Compliance with C.D. Cal. L.R. 5-4.3.4**

I hereby certify that pursuant to C.D. Cal. L.R. 5-4.3.4, I have obtained the authorization from the above signatories to file the above-referenced document, and that the above signatories concur in the filing's content.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 14, 2016.

NOSSAMAN LLP


_____/s/ Alexander J. Suarez_____
ALEXANDER J. SUAREZ
Attorneys for Plaintiff

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN KERR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FROM YOU FLOWERS, LLC, a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-00935-MWF-E<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, in connection with the above-caption lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by other parties and/or non-parties, as defined in the Protective Order dated _____.

My address is

_____.

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing confidential information,

1 | copies thereof and notes that I have prepared relating thereto, to outside counsel of
2 | record for the party with whom I am associated or from whom I received
3 | information or material designated as "Confidential."
4 |     I hereby submit to the jurisdiction of this Court for the purpose of
5 | enforcement of the Protective Order and waive any and all objections to jurisdiction
6 | and venue.
7 |     Respectfully submitted,
8 |
9 | Dated: _____   By:_____
10 | 762221.1